# FOR PUBLICATION



**FILED**
Aug 18 2014, 9:29 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRISTOPHER K. STARKEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**V. SAMUEL LAURIN III**
**BRYAN H. BABB**
**JOEL T. NAGLE**
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LINDA D. McINTIRE, and those similarly situated | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1401-PL-2 |
| | ) | |
| FRANKLIN TOWNSHIP COMMUNITY SCHOOL CORPORATION, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
Cause No. 49D11-1112-PL-45962

**August 18, 2014**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Linda McIntire ("McIntire") appeals the Marion Superior Court's grant of summary judgment in favor of Franklin Township Community School Corporation ("the School Corporation"). On appeal, McIntire argues that the trial court erred in concluding: (1) that her claim was barred by her failure to provide the required notice under the Indiana Tort Claims Act ("ITCA"), and (2) that Article 8, Section 1 of the Indiana Constitution does not provide for a private cause of action for monetary damages. We conclude that the trial court erred in concluding that McIntire's claim was subject to the notice requirements of the ITCA but nevertheless affirm the trial court's grant of summary judgment because McIntire may not maintain a claim for monetary damages under Article 8, Section 1 of the Indiana Constitution

**Facts and Procedural History**

The facts underlying this appeal are undisputed. McIntire lived in Franklin Township in Marion County during the 2011–2012 school year. During this school year, the School Corporation charged certain fees to students in grades 9 through 12, including: (1) a $1.50 locker fee, (2) a $1.50 newspaper fee for each student who received a newspaper, (3) a $2.00 activity fee, (4) a $3.00 ID fee, (5) a $10.00 technology fee, (6) a $4.00 student planner fee, and (7) a textbook rental fee based on the formula set forth in the relevant Indiana statutes. McIntire paid these fees for her children, who attended schools operated by the School Corporation.

McIntire believed that these fees were impermissible under the Education Clause, found in Article 8, Section 1 of the Indiana Constitution.[1] Accordingly, on December 2, 2011, McIntire filed a complaint for damages and injunctive relief claiming that the School Corporation was violating the Indiana Constitution by charging these fees. The complaint sought an injunction preventing the School Corporation from collecting the fees and demanded the return of the fees already paid. The School Corporation filed its answer on February 15, 2012, setting forth several affirmative defenses, including that McIntire had not complied with the notice provisions of the ITCA. The School Corporation also claimed that the Education Clause did not provide McIntire with a cause of action for monetary damages.

On July 24, 2013, the School Corporation filed a motion for summary judgment. After receiving an extension of time in which to respond to this motion, McIntire filed her response on September 6, 2013, in which she admitted that she did not file an ITCA notice. She claimed, however, that such notice was not required. The trial court held a summary judgment hearing on September 16, 2013, and took the matter under advisement. On September 30, 2013, the trial court entered an order granting the School Corporation's motion for summary judgment, concluding that McIntire's claim was

---

[1] This portion of the Indiana Constitution provides:

> Knowledge and learning, generally diffused throughout a community, being essential to the preservation of a free government; it shall be the duty of the General Assembly to encourage, by all suitable means, moral, intellectual, scientific, and agricultural improvement; and to provide, by law, for a general and uniform system of Common Schools, wherein tuition shall be without charge, and equally open to all.

Ind. Const. art. VIII, § 1.

barred because she had failed to comply with the notice requirements of the ITCA and because the Education Clause of the Indiana Constitution did not provide her with a right to a cause of action against the School Corporation for monetary damages. McIntire now appeals.

## Summary Judgment

The standard of review we apply on review of a trial court's order granting or denying summary judgment is well settled:

> Our standard for reviewing a trial court's order granting a motion for summary judgment is well settled. A trial court should grant a motion for summary judgment only when the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The trial court's grant of a motion for summary judgment comes to us cloaked with a presumption of validity. An appellate court reviewing a trial court summary judgment ruling likewise construes all facts and reasonable inferences in favor of the non-moving party and determines whether the moving party has shown from the designated evidentiary matter that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. But a *de novo* standard of review applies where the dispute is one of law rather than fact. We examine only those materials designated to the trial court on the motion for summary judgment. [Where] the trial court ma[kes] findings of fact and conclusions of law in support of its entry of summary judgment, . . . we are not bound by the trial court's findings and conclusions, [but] they aid our review by providing reasons for the trial court's decision. We must affirm the trial court's entry of summary judgment if it can be sustained on any theory or basis in the record.

Altevogt v. Brand, 963 N.E.2d 1146, 1150 (Ind. Ct. App. 2012) (citations omitted).

## I. The Nature of McIntire's Complaint

The trial court concluded that McIntire's claim was barred by her failure to comply with the notice requirements of the ITCA. McIntire argues on appeal that she

4

was not required to do so because her complaint did not sound in tort but rather in contract. We disagree with McIntire that her claim is based on contract.

McIntire's complaint states that "[t]his action arises under the Indiana Constitution and common law." Appellant's App. p. 11. The legal allegations of McIntire's complaint state in relevant part:

32.  McIntire's minor children are subject to Indiana's laws regarding compulsory school attendance pursuant to I.C. § 20-33-2-4.

33.  Indiana's public schools are not allowed to charge tuition, pursuant to Article 8, Section 1 of the Indiana Constitution.

34.  [The School Corporation] charging and collecting the [fees] in paragraphs 8–30 constitutes the charging of tuition in violation of the Indiana Constitution.

35.  [The School Corporation] is liable for the return of these fees to those persons, including McIntire, who paid them.

Appellant's App. pp. 14-15. And in her claim for relief, McIntire requested the trial court to:

A.  CERTIFY the Class as requested,

B.  ENTER judgment in her and the Class's favor,

C.  AWARD her and the Class such damages as determined to be just and proper,

D.  GRANT her and the Class attorney's fees.

E.  ENJOIN [the School Corporation] from charging any fee that is legally tuition, and

F.  ENTER all other just and proper relief in the premises.

Id. at 15.

There is nothing in the complaint which would suggest that it is, as McIntire now claims, based in contract. There is no allegation of the basic elements of a contract claim: an offer, acceptance, a manifestation of mutual assent, and consideration. See Ind.

5

Bureau of Motor Vehicles v. Ash, Inc., 895 N.E.2d 359, 365 (Ind. Ct. App. 2008) (setting forth the elements required for the existence of a binding contract). On appeal, McIntire argues that her claim is based on an implied contract, the terms of which were that if she resided in the School Corporation's district and paid the now-challenged fees, her children could attend the School Corporation's schools. We do not agree.

First, we decline to hold that merely living in the boundaries of a school corporation can form the basis of a contract. Moreover, even if we were to agree with McIntire with regard to the existence of a contract between her and the School Corporation, she develops no argument with regard to how the School Corporation breached the contract, as her children were allowed to attend the School Corporation's schools.

Instead, McIntire argues that the contract she allegedly entered into with the School Corporation was improper because it was based on the payment of unconstitutional school fees. We conclude that McIntire's complaint is not based on contract; it simply claims that the actions of the School Corporation in charging the fees were unconstitutional. But our conclusion does not mean that we agree with the trial court that McIntire's claim sounds in tort and is therefore subject to the notice requirements of the ITCA.

## II. ITCA Notice Not Required

The trial court concluded that McIntire's claim sounded in tort and that her claim was therefore barred because she admittedly did not comply with the notice requirements of the ITCA. "In general, the ITCA requires notice of claims against governmental

6

entities and public employees to be given soon after the event." Cantrell v. Morris, 849 N.E.2d 488, 495 (Ind. 2006). The applicability of the ITCA to constitutional claims was recently addressed by this court in Hoagland v. Franklin Township Community School Corp., 10 N.E.3d 1034 (Ind. Ct. App. 2014), trans. pending,[2] which involved the same School Corporation in the case currently before us.

At issue in Hoagland was the decision of the School Corporation to end transportation, i.e. bussing, for students during the 2011–2012 school year. The School Corporation instead sold, for $1.00, all of its transportation equipment, including its school busses, to Central Indiana Educational Service Center ("CIESC"). CIESC then offered transportation for students whose parents agreed to pay $475, plus a $20 non-refundable deposit, per student, with transportation for each additional child costing an additional $405. Despite an opinion from the Indiana Attorney General that this plan was unconstitutional under the Education Clause of the Indiana Constitution, as construed by our supreme court in Nagy v. Evansville-Vanderburgh School Corp., 844 N.E.2d 481 (Ind. 2006), the School Corporation proceeded with its plan. This left parents of students in Franklin Township with the choice of paying the transportation fee, or making alternative arrangements to transport their children to and from school.

The plaintiff, Hoagland, whose children qualified for the federal free-and-reduced-lunch program, opted to take her two children to and from school instead of pay the $900 in transportation fees that would have allowed her children to ride the school bus. After

---

[2] We recognize that our opinion in Hoagland is not yet certified because a petition for transfer to our supreme court is pending, but we are nevertheless persuaded by its reasoning.

the Indiana Attorney General issued another opinion stating that the School Corporation's arrangement with CIESC was unconstitutional, Hoagland filed a class-action claim against the School Corporation and CIESC, alleging that the transportation arrangement was unlawful and seeking declaratory, injunctive, and monetary relief.[3]  After Hoagland's suit was filed, the School Corporation reversed course and began to offer bussing to its students at no charge.  By the time the case arrived on appeal to this court,[4] the issues remaining were: (1) whether the ITCA barred the plaintiffs' claims; (2) whether the plaintiffs were entitled to monetary damages under the Indiana Constitution; and (3) whether the School Corporation had violated the Education Clause of the Indiana Constitution.

With regard to the first issue, this court agreed with the plaintiff that she was asserting a state constitutional claim, not a tort claim, and that she did not have to file a notice under the ITCA.  We wrote:

> By its express language, the ITCA "applies only to a claim or suit in tort." Ind. Code § 34-13-3-1.  A tort is defined as "a civil wrong, other than breach of contract, for which a remedy may be obtained, usually in the form of damages; a breach of duty that the law imposes on persons who stand in a particular relation to one another." Black's Law Dictionary 1526 (8th ed. 2004).  Hoagland's claim sounds in Indiana's Education Clause, not tort law, and for reasons explained below, she may not seek monetary damages.  Moreover, this case does not involve the type of loss contemplated by the ITCA: in general, the ITCA requires a plaintiff to give

---

[3]  Hoagland was the named plaintiff for the class of parents who had not paid the transportation fee to CIESC, and plaintiff Chapman was the named plaintiff for the class of parents who had paid the transportation fee.  See Hoagland, 10 N.E.3d at 1037.

[4]  This court affirmed the trial court's order granting CIESC's motion to dismiss in a not-for-publication decision.  See Chapman v. Central Indiana Education Services Center, 49A05-1209-PL-478, 2013 WL 1846610 (Ind. Ct. App. Apr. 30, 2013) (memorandum decision), trans. denied.

8

notice of a claim soon after a loss occurs, and the ITCA defines "loss" as "injury to or death of a person or damages to property." Ind. Code § 34-6-2-75. Therefore, in light of the ITCA's express language, we conclude that the ITCA does not govern Hoagland's state constitutional claim.

Hoagland, 10 N.E.3d at 1039-40 (footnotes omitted).

Thus, under Hoagland, it is clear that McIntire need not have filed a notice of her claim under the ITCA because it is not based on an injury to or death of a person or damages to property. See id. As we noted above, McIntire's claim is not based on contract, but neither is it based on a "loss" as defined by the ITCA. See Hoagland, 10 N.E.3d at 1039-40.[5] Accordingly, the trial court erred in concluding that McIntire's claim was subject to the notice provisions of the ITCA.

### III. Constitutional Claim

Having concluded that McIntire's claim is not one based in contract or in tort law, the question then becomes: what is the basis of McIntire's claim? We think that it is clear from the face of the complaint that she is alleging a direct violation of Article 8,

---

[5] We recognize that this portion of the holding in Hoagland could be read to conflict with the opinion of our supreme court in Cantrell, supra. In Cantrell, the court answered a certified question from a federal district court regarding whether a public defender who was terminated from his position could maintain a private right of action under the free-speech provisions of Article 1, Section 9 of the Indiana Constitution. The Cantrell court held that, "whether or not . . . the Indiana Constitution affords any protection to public employees under some circumstances, a terminated employee has no private right of action for damages that arise under that Section." 844 N.E.2d at 492. Instead, the court held that such a claim must be addressed under the common law tort of wrongful discharge, which was subject to the ITCA. Id. at 494.

We do not read Hoagland as conflicting with Cantrell. Instead, we read Cantrell as saying that the ITCA is applicable to a constitutional claim *if* that claim is based on a tort, e.g., the tort of wrongful discharge at issue in Cantrell. See 849 N.E.2d at 498 ("This does not constitute recognition of an implied tort arising under the Constitution. Rather, it recognizes that the already-established tort of wrongful discharge can be based on termination for exercise of a constitution . . . right."). And we read Hoagland to state that a simple constitutional claim—independent of any tort—is not subject to the ITCA. Indeed, the plaintiff's claim in Hoagland was not presented as a tort claim at all, as the court specifically noted that "Hoagland's claim sounds in Indiana's Education Clause, not tort law[.]" 10 N.E.3d at 1039. Because McIntire does not allege a constitutionally-based tort, Cantrell is not controlling.

9

Section 1 of the Indiana Constitution. In other words, she claims that the School Corporation's actions of charging the fees amounted to charging for "tuition," which is prohibited by Article 8, Section 1.

Unfortunately for McIntire, this court explicitly held in Hoagland that there can be no claim for monetary damages arising out of the Indiana Constitution. In fact, the holding in Hoagland could be no clearer: "There is no express or implied right of action for monetary damages under the Indiana Constitution." 10 N.E.3d at 1040 (citing Smith v. Ind. Dep't of Correction, 871 N.E.2d 975, 985-86 (Ind. Ct. App. 2007)). Accordingly, the plaintiffs in Hoagland could not succeed on their claim for damages. Id. And the same is true here. Because there is no right of action for monetary damages under the Indiana Constitution, McIntire's claim for such damages must fail.

McIntire's citation to Nagy, supra, is unavailing with regard to her claim for monetary damages. In that case, our supreme court held that a school corporation's charging of a $20 "student services" fee for all students amounted to tuition and was impermissible under Article 8, Section 1. Nagy, 844 N.E.2d at 482. But in that case, the plaintiffs sought only declaratory and injunctive relief, not monetary damages. See id. Accordingly, although Nagy supports McIntire's claim that the School Corporation's fees might be constitutionally infirm, it does not support her claim for monetary damages.

Nor do we agree with McIntire's claim that our holding would leave her without any remedy for a constitutional violation, thereby leading to an illusory right. See George v. State, 211 Ind. 429, 434, 6 N.E.2d 336, 338 (1937) (noting the "elementary maxim" that "there is no right without a remedy."). McIntire did not have to pay the fees

10

at issue. She could have immediately sought injunctive relief before paying the fees. Indeed, in Hoagland, there were two classes of parents: those who did pay the transportation fees and those who did not pay the transportation fees. See 10 N.E.3d at 1037.[6]

**Conclusion**

Although we reject McIntire's claim that her complaint sounds in contract, we agree that the trial court erred in concluding that McIntire's claim was subject to the notice requirements of the ITCA. This error is not grounds for reversal, however, because, even if McIntire's claim is not subject to the ITCA, she cannot seek monetary damages for a violation of the Indiana Constitution. Accordingly, we affirm the trial court's grant of summary judgment in favor of the School Corporation.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.

---

[6] We express no opinion regarding whether McIntire could seek the return of the fees under Article I, Section 21 of the Indiana Constitution, which prohibits the taking of property without just compensation. See Cheatham v. Pohle, 789 N.E.2d 467, 472 (Ind. 2003).