## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 07 2019, 8:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Antonio D. McCaster
Michigan City, Indiana

ATTORNEYS FOR APPELLEES
STATE OF INDIANA, ET AL.

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
LAFAYETTE POLICE
DEPARTMENT, ET AL.

Caren L. Pollack
Zachary J. Stock
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Antonio D. McCaster,

*Appellant-Plaintiff,*

v.

State of Indiana, et al.,

*Appellees-Defendants.*

August 7, 2019

Court of Appeals Case No.
18A-MI-748

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1611-MI-224

**Bailey, Judge.**

# Case Summary

Pro-se litigant Antonio D. McCaster ("McCaster") filed a complaint against several defendants, alleging—*inter alia*—false arrest and false imprisonment. The case was disposed of through a Trial Rule 12(B)(6) motion and subsequent motion for summary judgment. McCaster now appeals, presenting several issues. We identify the following dispositive issue: whether any claim was viable in light of a particular statute of limitations and the undisputed facts.

We affirm.

# Facts and Procedural History

In November 2016, McCaster filed a complaint alleging false arrest, false imprisonment, and malicious prosecution in connection with his arrest and criminal prosecution on drug-related charges. McCaster also alleged violations of the Indiana Constitution, and sought monetary compensation for those alleged violations. The complaint named several defendants, including Jessica Paxson ("Paxson")—who McCaster alleged was the prosecutor in the criminal proceedings—and three individuals McCaster claimed had been officers involved in the arrest or the ensuing proceedings (the "Officers"). McCaster also sought relief from the State of Indiana, the Lafayette Police Department,

the Tippecanoe County Prosecutor's Office, the Tippecanoe County Drug Task Force Unit, and the Tippecanoe County Street Crimes Unit.[1]

[4] In December 2016, before a responsive pleading was filed, McCaster amended his complaint and added a claim of obstruction of justice. Shortly thereafter, several defendants—Paxson, the State of Indiana, and the Tippecanoe County Prosecutor's Office—pursued a motion to dismiss under Trial Rule 12(B)(6), asserting the complaint failed to state actionable claims against them. During the pendency of that motion to dismiss, McCaster sought to amend his complaint a second time, claiming that another provision of the Indiana Constitution had been violated. Prior to addressing this request for a second amendment, the court granted the motion to dismiss, and dismissed all 12(B)(6) movants from the action. The court later permitted the amendment with respect to the remaining defendants, who then pursued a motion for summary judgment. The court eventually granted the motion for summary judgment, thereby entering a final judgment from which McCaster now appeals.

## Discussion and Decision

[5] This case proceeded to summary judgment on claims of false arrest, false imprisonment, malicious prosecution, violation of a statute criminalizing

---

[1] At times, two other individuals were regarded as defendants—Stacy Mabbitt and "Attorney General Greg Zoeller"—but they were later dismissed. McCaster requested dismissal of these individuals, and at one point asserted that an Attorney General was immune from suit. We need not further mention these individuals.

obstruction of justice, and violations of the Indiana Constitution. Summary judgment is appropriate only "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). We review *de novo* whether the trial court properly granted summary judgment. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). In reviewing the grant or denial of summary judgment, we look only to the designated evidence, T.R. 56(H), and construe all factual inferences in favor of the party who did not seek summary judgment, *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013).

[6] McCaster alleged the torts of false arrest and false imprisonment. "A defendant may be liable for false arrest when he or she arrests a plaintiff in the absence of probable cause to do so." *Earles v. Perkins*, 788 N.E.2d 1260, 1265 (Ind. Ct. App. 2003). "False imprisonment is the unlawful restraint upon one's freedom of movement or the deprivation of one's liberty without consent." *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002), *trans. denied*.

[7] The movants designated evidence McCaster was arrested in 2013 and convicted in 2013. In response, McCaster designated evidence—the Chronological Case Summary from the underlying criminal matter—that supported this very timeline. Notably, this Court has concluded that claims of false arrest and false imprisonment are subject to the two-year statute of limitations set forth in Indiana Code Section 34-11-2-4. *See Johnson v. Blackwell*, 885 N.E.2d 25, 30 (Ind. Ct. App. 2008). Moreover, these causes of action accrue whenever the claimant is no longer held without legal process, such as when the claimant is

subjected to legal process through arraignment. *Id.* at 31. Here, it is undisputed the criminal matter was resolved in 2013, but this action was not filed until 2016—more than two years later. Thus, the allegations of false arrest and false imprisonment are plainly barred by the applicable statute of limitations.[2]

As for the remaining claims, it is undisputed McCaster remained incarcerated in connection with the criminal matter. Thus, McCaster could not prevail on a claim of malicious prosecution, which requires proof the original action was terminated in the plaintiff's favor. *See City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001).[3] Turning to the claim of obstruction of justice—a claim predicated on the alleged violation of a particular criminal statute—that statute "does not provide for a civil remedy." *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 n.9 (Ind. Ct. App. 2002), *trans. denied*.[4] Finally, as to the alleged violations of the Indiana Constitution, there is no express or implied right of action for monetary damages under the Indiana Constitution—and we

---

[2] Certain defendants were not part of the motion for summary judgment, having pursued 12(B)(6) dismissal for failure to state an actionable claim. Assuming without deciding the court erred in granting dismissal— before a defendant had raised an affirmative defense under the statute of limitations—we are nevertheless unwilling to ignore McCaster's own designated evidence, which demonstrates these claims are time-barred. *See* Ind. App. R. 66(A) ("No error or defect in any ruling or order or in anything done or omitted by the trial court . . . is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.").

[3] On this claim, 12(B)(6) dismissal was proper due to principles of immunity. *See* Ind. Code § 34-13-3-3(6) (providing immunity for "[t]he initiation of a judicial or an administrative proceeding"); *F.D. v. Ind. Dep't of Child Servs.*, 1 N.E.3d 131, 137 (Ind. 2013) (collecting cases interpreting the foregoing portion of the Indiana Tort Claims Act); *Foster v. Pearcy*, 387 N.E.2d 446, 449 (Ind. 1979) (recognizing prosecutorial immunity).

[4] The cited case focuses on Indiana Code Section 35-44-3-4, the same section McCaster referred to in his complaint. The statute criminalizing obstruction of justice now appears in Indiana Code Section 35-44.1-2-2.

are aware of no basis for liability for the asserted constitutional claims. *See generally Cantrell v. Morris*, 849 N.E.2d 488, 499 (Ind. 2006); *Hoagland v. Franklin Twp. Cmty. Sch. Corp.*, 10 N.E.3d 1034, 1040 (Ind. Ct. App. 2014), *summarily aff'd in pertinent part*, 27 N.E.3d 737, 741 (Ind. 2015).

[9] All of the proffered claims were either time-barred or otherwise not viable.[5]

[10] Affirmed.

Najam, J., and May, J., concur.

---

[5] McCaster appears to claim he was entitled to have a jury dispose of any pretrial motion. He is mistaken, however, as Indiana Trial Rule 38 specifies that "[i]ssues of law . . . shall be tried by the court."