Amanda JEFFRIES, Appellant–Plaintiff,

v.

**CLARK MEMORIAL HOSPITAL,**
Appellee–Defendant.

No. 10A01–0505–CV–207.

Court of Appeals of Indiana.

Aug. 11, 2005.

Bruce A. Brightwell, Louisville, KY, for Appellant.

Derrick H. Wilson, Mattox Mattox & Wilson, New Albany, for Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff Amanda Jeffries appeals the dismissal of her proposed complaint against appellee-defendant Clark Memorial Hospital (Hospital) for medical malpractice, claiming that the trial court erroneously concluded that Jeffries was obligated to comply with the notice requirement of the Indiana Tort Claims Act (Tort Claims Act).[1] In particular, Jeffries maintains that the trial court erred in determining that she was required to give the Hospital notice of her claim against it within the 180–day time period set forth in the Tort Claims Act. Concluding that Jeffries was not required to comply with the notice provisions of the Tort Claims Act, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

### FACTS

The facts of this case are not in dispute. On May 21, 2004, Jeffries filed a proposed complaint against the Hospital with the Indiana Department of Insurance, alleging negligence on the part of the Hospital. Although Jeffries had complained of chest pains, Hospital personnel told her that there was nothing wrong. Jeffries stated that she became aware of her alleged injuries in November 2002, and she consulted an attorney about a possible claim against the Hospital the following month.

After Jeffries filed her complaint, the Hospital filed a motion for a preliminary determination in the trial court, alleging that the Hospital was entitled to the protections of the Indiana Tort Claims Act.[2] In particular, the Hospital maintained that Jeffries should have provided it with notice of her claim within 180 days after the alleged loss occurred pursuant to Indiana Code section 34–13–3–8. The Hospital asserted that Jeffries's proposed complaint should be dismissed because she was required to give notice no later than June of 2003, and she failed to do so.

In response, Jeffries asserted that county hospitals were exempt from the Tort

---

1. Ind.Code § 34–13–3–8.

2. Ind.Code § 34–13–3–1 *et seq.*

Claims Act requirements as specified in Indiana Code section 34–18–3–4—the Medical Malpractice Act statute governing claims against governmental entities and employees. Following a hearing, the trial court entered a final judgment for the Hospital, concluding that the Tort Claims Act applied to Jeffries's claim because the "Hospital is a political subdivision, but not a political subdivision of the state as required by I.C. 34–18–3–4." Appellant's App. p. 4. Hence, the trial court dismissed Jeffries's action, and she now appeals.

### DISCUSSION AND DECISION

In resolving Jeffries's contention that the trial court erred in determining that she failed to comply with the notice provisions of the Tort Claims Act, we first set forth the relevant statutes. A portion of the Medical Malpractice Act entitled "Claims against governmental entities and employees," provides that:

Sec. 4. (a) As used in this section, 'employee of a governmental entity' has the meaning set forth in IC 34–6–2–38.

(b) As used in this section, 'governmental entity' has the meaning set forth in IC 34–6–2–49.

(c) A claim against a governmental entity or an employee of a governmental entity based on an occurrence of malpractice is governed exclusively by this article if the governmental entity or employee is qualified under this article.

I.C. § 34–18–3–4. Next, Indiana Code section 34–6–2–49 states that a " 'Governmental entity,' for purposes of section 91 of this chapter, IC 34–13–2, IC 34–13–3, and IC 34–13–4, means the state or a political subdivision of the state." Finally, Indiana Code 34–6–2–110 defines a political subdivision for purposes of the Tort Claims Act as a:

(1) county;

(2) township;

(3) city;

(4) town;

(5) separate municipal corporation;

(6) special taxing district;

(7) state college or university;

(8) *city or county hospital;*

(9) school corporation;

(10) board or commission of one (1) of the entities listed in subdivisions (1) through (9);

(11) drug enforcement task force operated jointly by political subdivisions;

(12) community correctional service program organized under IC 12–12–1; or

(13) solid waste management district established under IC 13–21 or IC 13–9.5–2 (before its repeal).

(Emphasis added).

In examining the above provisions, it is apparent to us that a malpractice claim brought against a governmental entity is governed solely by the Medical Malpractice Act. To be sure, a governmental entity is defined to include a political subdivision of the state. And the definition of political subdivision specifically includes a county hospital. Hence, a medical malpractice claim that is brought against a county hospital is governed exclusively by the Medical Malpractice Act. Thus, it was not necessary for Jeffries to have filed a Notice of Tort Claim against the Hospital.

That said, we cannot agree with the trial court's determination that our legislature has "established two (2) sets of political subdivisions: political subdivisions generally and political subdivisions of the state." Appellant's Br. p. 4. Indiana Code section 34–6–2–1 *et seq.* sets forth 151 specific definitions. There is no differentiation between a "political subdivision" and a "political subdivision of the state." Had the legislature intended for the terms to

have different meanings, they would have been separately defined. *See Bd. of Comm'rs of County Of Harrison v. Lowe,* 753 N.E.2d 708, 711 (Ind.Ct.App.2001), *trans. denied* (observing that Indiana Code section 34–6–2–49 defines a governmental entity for purposes of the Tort Claims Act as "the state or a political subdivision of the state"). Simply put, there are not two types of "political subdivisions" in accordance with the laws of this State. Hence, the trial court erred on this basis, and the Medical Malpractice Act controls the action that Jeffries brought against the Hospital.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

RILEY, J., and MATHIAS, J., concur.