

**FILED**

Mar 20 2012, 9:10 am

**CLERK**

of the supreme court,
court of appeals and
tax court

## FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**DAVID L. TAYLOR**
**THOMAS R. HALEY III**
Jennings Taylor Wheeler & Haley P.C.
Carmel, Indiana

ATTORNEY FOR APPELLEES:

**DOUGLAS D. SMALL**
Foley & Small
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  75A04-1108-CT-440 |
| | ) | |
| CATHY BENKO and GERALD EWING, | ) | |
| as Executors of the ESTATE OF LAVERNA | ) | |
| EWING, Deceased, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM STARKE CIRCUIT COURT
The Honorable Kim Hall, Judge
Cause No. 75C01-0908-CT-20

**March 20, 2012**

**OPINION – FOR PUBLICATION**

**BAKER, Judge**

In this case, a woman was injured in a vehicular accident and filed a claim for bodily injury against the man who had struck her. She settled for the policy limits of his insurance policy, but it was insufficient to cover her injuries, so she filed an underinsured motorist claim with her own insurance company, who denied the claim stating that she had not complied with a provision in the policy requiring that she bring a claim against them within two years of the accident. We conclude that the plain language of the provision would lead an ordinary policyholder to believe that they were required to bring a bodily injury claim against the alleged tortfeasor within the applicable statute of limitations, which occurred in this case. Additionally, if the insurance company intended a different interpretation, it should have stated so in plain English so that their policyholders understand what is necessary to protect their interests and collect their benefits under the policy.

Appellant-defendant Auto-Owners Insurance Company (Auto-Owners) appeals the trial court's grant of summary judgment in favor of appellees-plaintiffs, Cathy Benko and Gerald Ewing as Executors of the Estate of Laverna Ewing, (collectively, "the Appellees"). More particularly, Auto-Owners contends that the trial court erred by denying its motion to strike the Appellees' untimely designated evidence that they had filed in support of their motion and by finding that Auto-Owners's underinsured motorist coverage contractual limitation provision (the Provision) is unenforceable because it is vague and ambiguous. Concluding that the trial court did not err by denying Auto-

2

Owners's motion to strike or by granting the Appellees' motion for summary judgment, we affirm.

FACTS

The Accident

On August 17, 2007, Laverna Ewing's vehicle was stopped at a railroad crossing on State Road 8 near Knox when it was struck from behind by a vehicle driven by Brent Vannorman. Ewing sustained property damage and bodily injury as a result of the accident.

Ewing obtained counsel before the expiration of the two-year statute of limitations applicable to her bodily injury claims, which according to Indiana statute, expired on August 15, 2009. On August 11, 2009, Ewing and Benko, as her legal guardian, filed a complaint for damages against Vannorman, alleging bodily injury and property damage.

On or about September 23, 2009, State Farm, Vannorman's liability insurer, offered to settle Ewing's claim against Vannorman for his policy limits of $100,000 per person. Following State Farm's offer, Ewing notified Auto-Owners of Vannorman's offer to settle Ewing's claim for his policy limits.

Ewing's Claim for Underinsured Motorist Benefits

Ewing first provided Auto-Owners with notice of a possible underinsured motorist claim on October 23, 2009. On March 4, 2010, Auto-Owners filed a motion to intervene in Ewing's bodily injury lawsuit against Vannorman and filed its complaint for

3

declaratory judgment.  More particularly, Auto-Owners sought a declaration that Ewing's underinsured motorist claim was barred by the Provision in her policy which provides:

**a. TIME LIMITATION FOR ACTIONS AGAINST US**

Any person seeking Uninsured or Underinsured Motorist Coverage must:

**(1)** present a claim for compensatory damages according to the terms and conditions of the policy; and

**(2)** conform with any applicable statute of limitations applying to **bodily injury** claims in the state in which the accident occurred.

Appellant's App. p. 74 (quoting from complaint seeking declaratory judgment) (emphasis in original).  Auto-Owners pointed out that the applicable statute of limitations for bodily injury claims in Indiana is two years from the date of the accident and that Ewing had failed to file suit for underinsured motorist coverage under the policy by failing to file suit against Auto-Owners on or before August 15, 2009.

On April 26, 2011, Ewing filed a motion for partial summary judgment solely on the issue of the validity of the Provision.  Specifically, Ewing alleged that the Provision was "impermissibly vague and ambiguous and, therefore, unenforceable as sought to be applied by Auto-Owners."  Appellant's App. p. 168.

On July 21, 2011, just before the trial court's hearing on the motion for summary judgment, Ewing supplemented her designation of evidence with deposition testimony without seeking leave from the court to do so.  Auto-Owners moved to strike Ewing's untimely designated evidence.  This motion was denied.

4

At the July 25, 2011 summary judgment hearing, Ewing argued that the Provision of the underinsured motorist endorsement was not enforceable because the policy language was vague and ambiguous. More particularly, Ewing argued that the Provision created an ambiguity as to who an insured must bring a claim against for underinsured benefits, the time period in which a claim must be made, and the operation of the policy's subrogation provisions. Auto-Owners opposed Ewing's motion, arguing that the policy is unambiguous and enforceable and that Indiana courts have enforced the same or similar provisions.

To address questions raised by the trial court at that hearing, Auto-Owners filed a post-hearing brief, discussing certain issues considered by prior panels of the Indiana Court of Appeals. More particularly, Auto-Owners countered Ewing's assertion that the issue of vagueness and ambiguity had not been raised or decided in Indiana.

On August 5, 2011, the trial court granted summary judgment in favor of Ewing, concluding that the "underinsured motorist coverage limitations clause of the Auto-Owners policy is impermissibly vague and ambiguous," and therefore "unenforceable." Appellant's App. p. 12. On August 17, 2011, the trial court entered an order of final judgment against Auto-Owners on its complaint for declaratory relief. Auto-Owners now appeals.

DISCUSSION AND DECISION

I. Motion to Strike Designated Evidence

Auto-Owners argues that the trial erred by denying its motion to strike the Appellees'[1] July 21, 2011 supplemental designation of evidence that it contends was untimely. Auto-Owners points out that the Appellees failed to seek leave from the trial court, and, in any event, the local rules did not provide for the filing of a reply brief or supplemental designated evidence.

The Appellees counter that the supplemental designated evidence included the deposition of Cathy Benko, which was taken after the Appellees had filed their motion for summary judgment. Additionally, the Appellees point out that Auto-Owners cited Benko's deposition testimony in its response to the Appellees' summary judgment motion, and, therefore, it was proper for the Appellees to respond by filing a reply brief and supplemental designated evidence. In other words, the Appellees contend that their reply brief "merely includes further and more complete information to clarify and respond to that set for in Auto-Owners'[s] response." Appellees' Br. p. 38.

In Spudich v. Northern Indiana Public Service Co, 745 N.E.2d 281, 285-86 (Ind. Ct. App. 2001), a panel of this Court was confronted with whether a local rule permitting reply briefs conflicted with Trial Rule 56. The panel recognized that "Trial Rule 56 neither expressly permits nor precludes such a reply brief. The supreme court has, in

---

[1] Laverna Ewing died following the filing of this lawsuit due to causes unrelated to the accident, although it is unclear exactly when she passed away. In any event, this appeal has been brought by Cathy Benko and Gerald Ewing as Executors of the Estate of Laverna Ewing (collectively, "the Appellees").

other instances, either expressly permitted or expressly prohibited reply briefs." Id. at 287 (comparing Trial Rule 56 with Appellate Rule 56(D) ("Reply briefs on Rehearing are prohibited") and Appellate Rule 46(C) ("The appellant may file a reply brief responding to the appellee's argument")). The panel noted that regarding Trial Rule 56, although our Supreme Court has remained silent on the specific subject of a reply brief, the Rule does provide for affidavits in support or opposition of summary judgment to be supplemented by depositions, interrogatories, and other affidavits. Id. (citing Trial Rule 56(E)).

Here, as stated above, the Appellees filed a reply brief and designated Benko's deposition that was taken after the Appellees had filed their motion for summary judgment. Moreover, in Auto-Owners's response to the Appellees' motion, it referred to Benko's deposition. In the absence of any language in Trial Rule 56 explicitly prohibiting reply briefs and such designations and in light of these facts and circumstances, we cannot say the trial court erred in denying Auto-Owners's motion to strike.

## II. Enforceability of the Contractual Limitation Provision

Auto-Owners appeals the grant of the Appellees' motion for partial summary judgment on Auto Owners's complaint for declaratory relief. When reviewing a grant of summary judgment, we apply the same standard as the trial court, namely, summary judgment should be granted only if the designated evidence demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Scribner v. Gibbs, 953 N.E.2d 475, 479 (Ind. Ct. App. 2011); see also Ind. Trial

7

Rule 56(C).  Additionally, we must construe all factual inferences in favor of the nonmoving party, and all doubts as to the existence of a material issue must be resolved against the moving party.  Id.

Moreover, "a trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous."  Cox v. N. Ind. Pub. Serv. Co., Inc., 848 N.E.2d 690, 695-96 (Ind. Ct. App. 2006).  An appellate court "will affirm upon any theory or basis supported by the designated materials."  Id.

At the center of this dispute is the Provision contained in the insurance policy. Auto-Owners argues that the uninsured motorist claim is time-barred by the Provision, which, according to Auto-Owners, has been previously upheld by panels of this Court. The Appellees counter that the Provision is vague and ambiguous, and therefore, unenforceable.

Initially, we observe that we interpret the terms of an insurance policy using the same rules of interpretation applied to other contracts.  Cincinnati Ins. Co. v. Am. Alt. Ins. Corp., 866 N.E.2d 326, 332 (Ind. Ct. App. 2007).  More particularly, if the language is clear and unambiguous, we will apply the plain and ordinary meaning.  Id. Nevertheless, courts are to interpret policy terms "from the perspective of an ordinary policyholder of average intelligence."  Allgood v. Meridian Sec. Ins. Co., 836 N.E.2d 243, 246-47 (Ind. 2005).  Where an ambiguity exists, that is, where reasonably intelligent

people may interpret the policy's language differently, Indiana courts construe insurance policies strictly against the insurer. Id. at 247.

Here, as stated above, the Provision provides:

**a. TIME LIMITATION FOR ACTIONS AGAINST US**

Any person seeking Uninsured or Underinsured Motorist Coverage must:

**(1)** present a claim for compensatory damages according to the terms and conditions of the policy; and

**(2)** conform with any applicable statute of limitations applying to bodily injury claims in the state in which the accident occurred.

Appellant's App. p. 230. Additionally, Section V, which encompasses what a policyholder must do after an accident or loss to preserve Auto-Owners's right to recover payments provides:

a. If we make a payment under this policy and the person to or for whom payment is made has a right to recover damages from another, we will be entitled to that right. That person shall do everything necessary to transfer that right to us and shall do nothing to prejudice it.

b. The person to or for whom payment is made under the Uninsured Motorist Coverage and/or Underinsured Coverage must hold in trust for us his rights of recovery against any legally liable person. He must do all that is proper to secure such rights and must do nothing to prejudice them. He must take any required action in his name to recover damages and reimburse us out of any proceeds to the extent of our payment.

Appellant's App. p. 44.

In light of the plain language of these provisions, we think that an ordinary policyholder would interpret the Provision as requiring them to bring a claim for bodily injury against the alleged tortfeasor within the applicable statute of limitations, thereby

9

protecting Auto-Owners's subrogation rights, and reimburse Auto-Owners out of the proceeds to the extent of Auto-Owners's prior payments. Otherwise, policyholders are basically required to bring a claim against Auto-Owners at the same time that they bring a claim against the alleged tortfeasor. While we recognize that this may have been Auto-Owner's intent, it should have stated so in plain English in its policy documents so that its policyholders know how to protect their interests and collect their benefits.

In any event, we conclude that the language in the policy is clear from the perspective of an ordinary policyholder and that the Appellees did what was required of them under the policy, inasmuch as they filed a complaint against Vannorman before the expiration of the statute of limitations. Consequently, we affirm the decision of the trial court.

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.