# FOR PUBLICATION

ATTORNEYS FOR APPELLANTS:

**ALEXANDER P. WILL**
**MAGGIE L. SMITH**
Frost Brown Todd LLC

**ANDREW P. SEIWERT**
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**WILLIAM T. ROSENBAUM**
Rosenbaum Law, P.C.
Indianapolis, Indiana

**STEPHEN J. HYATT**
Stephen J. Hyatt & Associate
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

**FILED**
Nov 07 2014, 8:09 am

CLERK
of the supreme court,
court of appeals and
tax court

| | | |
|---|---|---|
| THE CITY OF INDIANAPOLIS, INDIANA, and THE INDIANAPOLIS DEPARTMENT OF PUBLIC WORKS, | ) ) ) ) | |
| Appellants-Defendants, | ) ) | |
| vs. | ) ) | No. 49A02-1309-PL-792 |
| EVELYN COX, | ) ) | |
| Appellee-Plaintiff. | ) ) ) ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-0704-PL-17837

**November 7, 2014**

**OPINION - FOR PUBLICATION**

**SHEPARD, Senior Judge**

Owen Cox and Evelyn Cox initiated a class action against the City of Indianapolis, claiming that the City acted illegally in the course of changing its method for financing sanitary sewer improvement projects. The trial court entered summary judgment for the plaintiffs and awarded damages and prejudgment interest.

In the course of oral argument before this panel, counsel for Evelyn Cox acknowledged that it would be consistent with the statutes and constitutional provisions under which they bring this case for the City to make various kinds of forgiveness, either to individual property owners or to groups of them, as the circumstances might warrant. We think counsel's acknowledgement was appropriate, and that it reflects why Cox's claims must fail. We reverse and remand.

<u>FACTS AND PROCEDURAL HISTORY</u>

Prior to 2005, the City financed neighborhood sewer improvements through a widely-employed set of statutes known as the "Barrett Law," which authorizes municipalities to recover the costs of sewer projects by dividing the costs among the properties that benefit and imposing assessments on the owners. *See, e.g.*, Ind. Code § 36-9-39-15 (1993). Property owners may elect to pay assessments in a lump sum or by installments over periods as long as thirty years. *See* Ind. Code § 36-9-37-8.5 (2001).

In January 2001, the City determined that the Coxes would be assessed $9,075 for a sewer improvement project in their neighborhood. The Coxes signed a "Barrett Law Waiver" that set a ten-year payment program for their assessment. Appellant's App. p.

2

467. Later in 2001, the Coxes refinanced their house and paid off their Barrett Law debt in two payments, one in October and the other in November.

In 2005, the City developed a new financing plan called the Septic Tank Elimination Program (STEP). Under STEP, property owners would no longer bear a proportional share of the costs of a project in their neighborhood. Instead, each property owner would pay a one-time $2,500 connection fee, and the remaining construction costs would be covered by increases in sewer fees paid by all users county-wide.

As the City prepared to launch STEP, it had to decide what to do about installment payments not yet payable under the Barrett Law system. It chose to forego these future payments. On October 31, 2005, the City-County Council passed General Ordinance No. 107-2005, which enacted STEP. On December 7, 2005, the City's Board of Public Works passed a resolution forgiving Barrett Law debts due and owing from the date of November 1, 2005 forward.

In late 2005, the Coxes learned that their neighbors who had been paying on installment plans had been relieved from doing so. Appellant's App. p. 207. A year later, in December 2006, the Coxes sent the City a demand for a refund with interest of "all payments which they made, which were required to be made on or after November 1, 2005." The City denied their request.

The Coxes subsequently filed a "Claim Form" with the Marion County Auditor requesting a "partial refund" in the amount of $4,537.50. The Auditor notified the Coxes

3

that they should direct their claim to the Department of Public Works (DPW). The Coxes then sent the form to DPW, but the record does not indicate what response it gave, if any.

The Coxes filed suit on April 30, 2007, in the Marion Superior Court. They alleged that the City's refusal to refund a portion of their assessment violated Indiana Code section 36-9-39-17 (1993), which we discuss below. They requested a pro rata refund comparable to the forgiveness provided to those with unpaid installment plan debts. They requested certification of a class of similarly-situated property owners, and the trial court agreed to certify the class.

Next, the Coxes moved for partial summary judgment, asserting a claim under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The City removed the case to the U.S. District Court for the Southern District of Indiana, which eventually granted summary judgment to the Coxes on their constitutional claim but found against them on their claim under Indiana Code section 36-9-39-17.

Meanwhile, a similar case styled as *City of Indianapolis v. Armour* wended its way through the appellate process in Indiana's courts. The U.S. Supreme Court eventually resolved that case, concluding that the City did not violate the Equal Protection Clause by refusing to grant pro rata refunds to citizens who had paid their assessments in lump sums while forgiving installment payments due after STEP's enactment. *Armour v. City of Indianapolis*, 132 S. Ct. 2073, 2084, 182 L. Ed. 2d 998 (2012).

After the Supreme Court handed down *Armour*, the District Court in *this* case vacated its previous grant of summary judgment to the Coxes on their Equal Protection

4

claim. The court further vacated its grant of summary judgment to the City on Indiana Code section 36-9-39-17 and remanded that claim back to state court.

On remand, the parties again filed cross-motions for summary judgment. In their reply brief in support of their motion for summary judgment, the Coxes argued for the first time (over the City's objection about timeliness) that termination of installment plan debts without providing pro rata refunds to lump-sum payers violated article 10, section 1 and article 1, section 23 of the Indiana Constitution.

The court granted the Coxes' motion for summary judgment and denied the City's cross-motion. It determined that the City violated Indiana Code section 36-9-39-17 or, in the alternative, violated an "implied contract," by failing to refund a pro rata share of the Coxes' payments. Appellant's App. p. 12. The court also ordered the City to pay the class $2,783,702.59 (described in the judgment as "damages") plus prejudgment interest at 8% per annum, starting on November 1, 2005. This appeal followed.

## ISSUES

The issues on appeal are as follows:

I. Whether Cox's statutory claim and Indiana Constitutional claims are barred by the Indiana Tort Claims Act.[1]

II. Whether Cox's Indiana Constitutional claims are procedurally barred.

III. Whether the City's refusal to provide a pro rata refund violated Indiana Code section 36-9-39-17.

---

[1] Owen Cox passed away while this appeal was pending. We thus refer to Evelyn Cox alone for arguments presented by the Appellee.

5

IV.     Whether the City's refusal to provide a pro rata refund violated the Indiana Constitution.

V.      Whether the trial court wrongly awarded pre-judgment interest.

As is readily apparent, should the City prevail on one or more of these issues, Cox's suit would fail altogether and thus make certain other issues moot. We have elected to address most of these, taking a pass on the question of pre-judgment interest as a matter of economy, it being plainly last in line.

DISCUSSION

**STANDARD OF REVIEW**

When reviewing the entry or denial of summary judgment, we confront the same question as the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). The reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267 (Ind. 2009). Where, as here, the parties have filed cross-motions for summary judgment, we consider each motion separately. *Girl Scouts of S. Ill. v. Vincennes Ind. Girls, Inc.*, 988 N.E.2d 250 (Ind. 2013).

The trial court entered findings of fact and conclusions of law. Specific findings aid appellate review of a summary judgment ruling, but they are not binding on this Court. *Alva Elec., Inc. v. Evansville-Vanderburgh Sch. Corp.*, 7 N.E.3d 263 (Ind. 2014).

6

# I. INDIANA TORT CLAIMS ACT

The City argues that Cox's statutory claim and Indiana Constitutional claims are procedurally barred because she did not comply with the Indiana Tort Claims Act (ITCA).

Under the governing statute, "A claim against a political subdivision is barred unless notice is filed with . . . the governing body of the political subdivision; and . . . the Indiana political subdivision risk management commission . . . within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8(a) (1998). The notice requirement applies only to a claim or suit in tort. Ind. Code § 34-13-3-1 (1998).

Compliance with the ITCA notice obligation is a procedural precedent the plaintiff must prove. *Waldrip v. Waldrip*, 976 N.E.2d 102 (Ind. Ct. App. 2012). Compliance with this requirement is a question of law properly determined by the court. *Brown v. Alexander*, 876 N.E.2d 376 (Ind. Ct. App. 2007), *trans. denied*.

Cox says that the City has waived its right to assert the ITCA as a defense. A municipality waives the ITCA as a defense where it fails to raise it timely. *Allen v. Lake Cnty. Jail*, 496 N.E.2d 412, 415 (Ind. Ct. App. 1986) (defendant preserved the ITCA defense by raising it in a summary judgment motion). The City asserted the ITCA as an affirmative defense in its answer to Cox's initial complaint, thus preserving the defense.

One dispute between the present parties is whether Cox's claims are based in tort. We find guidance in *Irwin Mortg. Corp. v. Marion Cnty. Treasurer*, 816 N.E.2d 439 (Ind. Ct. App. 2004). In that case, a mortgage company (Irwin) untimely paid its clients'

7

property tax installment payments and incurred a sizable penalty. *Id.* at 441. Irwin filed with the county a request for refund. *Id.*

After the county denied the request, Irwin ultimately filed suit, alleging claims under various statutes and the federal and state constitutions. *Id.* at 442. The trial court dismissed Irwin's complaint, and this Court reviewed the decision as a grant of summary judgment. *Id.* This Court concluded that, in essence, Irwin claimed "Marion County committed a legal wrong causing harm to Irwin's property when it extracted an allegedly illegal property tax payment," and that the claim sounded in tort. *Id.* at 446. Irwin never filed a tort claim notice, and its demand for a refund did not substantially comply with the requirements for a notice, so its statutory and constitutional claims were barred. *Id.* at 447.

Here, Cox demands a pro rata refund of her sewer assessment. She contends that she was unfairly required to pay money that her neighbors were ultimately excused from paying. As in *Irwin*, Cox is essentially claiming a loss of property, and her claims sound in tort. During this case's time in federal court, Judge Tonya Walton Pratt reached the same conclusion, citing *Cantrell v. Morris*, 849 N.E.2d 488, 497-98 (Ind. 2006).[2]

---

[2] Judge Pratt stated,

> The Indiana Supreme Court has previously recognized that where a statute has no enforcement provision, a plaintiff may still be able to enforce a statutory duty through tort law. *See Cantrell v. Morris,* 849 N.E.2d 488, 497-98 (Ind. 2006) ("Under traditional tort doctrines a violation of a statutory or constitutional obligation may give rise to a civil damage claim."). In *Cantrell,* the Indiana Supreme Court relied on section 874A of the Second Restatement of Torts, which provides:
>
> > When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in

8

Cox argues that her claims are instead based in contract because the Coxes signed a "Barrett Law Waiver" with the City. Appellant's App. p. 467. Execution of that document does not affect this analysis. The City imposed an assessment on the Coxes by statute, not by contract. The document that the Coxes executed was limited in scope to allowing the Coxes to pay their assessment in installments. Moreover, the harm Cox complains of is not related to the installment program set forth in the contract. Rather, she alleges disparate treatment by the City resulting in the unfair retention of her money.

Cox next contends that "not every cause of action brought against a municipality is a tort claim, and not every cause of action requires a tort claim notice." Appellee's Br. p. 21.

Cox is right on this point, and the examples she gives are appropriate. She cites cases holding that lawsuits arising from firefighter disciplinary actions or medical malpractice against a municipal hospital are not subject to the ITCA. *See id.* at 22 (citing *City of Terre Haute v. Brighton*, 450 N.E.2d 1039 (Ind. Ct. App. 1983), and *Jeffries v. Clark Memorial Hosp.*, 832 N.E.2d 571 (Ind. Ct. App. 2005)). Both firefighter disciplinary actions and medical malpractice lawsuits are governed by specific statutory frameworks

---

furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, *using a suitable existing tort action or a new cause of action analogous to an existing tort action.*

*Id.*

*Cox v. City of Indianapolis*, No. 1:09-CV-435-TWP-MJD, slip op. at *3 (S.D. Ind. August 22, 2011) (emphasis in original), *vacated by Cox v. City of Indianapolis*, No. 1:09-CV-435-TWP-MJD, slip op. at *4 (S.D. Ind. June 19, 2012).

that authorize appeals to the courts (what judges used to call "special statutory proceedings"). By contrast, Cox has not pointed to any statutory provisions that would excuse the Coxes' noncompliance with the ITCA.

Cox notes that a panel of this Court has recently concluded, under very different factual circumstances, that a plaintiff's state constitutional claim was not subject to the ITCA. In *Hoagland v. Franklin Twp. Cmty. Sch. Corp.*, 10 N.E.3d 1034, 1039 (Ind. Ct. App. 2014), a class of plaintiffs sued a school corporation, alleging a violation of the Education Clause of the Indiana Constitution. The Indiana Supreme Court recently granted transfer in that case, vacating the Court of Appeals' decision. *Hoagland v. Franklin Twp. Cmty. Sch. Corp.*, 49S02-1410-PL-643 (Ind. Oct. 16, 2014) (order accepting transfer).

This Court's decision in *Hoagland* was good news and bad news for Cox's complaint. The *Hoagland* court did hold that plaintiffs' claims about school bus service based on the Indiana Constitution could proceed notwithstanding the Tort Claims Act. *Id.* at 1040. But it also held that there was no express or implied right of action for damages under the Indiana Constitution, *id.* at 1039-40, citing multiple decisions of this Court and *Cantrell v. Morris*, 845 N.E.2d 488 (Ind. 2006). Sitting in diversity and surveying Indiana state court decisions, Judges Hamilton, Tinder and McKinney individually reached the same conclusion.[3]

---

[3] *Fidler v. City of Indianapolis*, 428 F. Supp. 2d 857, 865 (S.D. Ind. 2006); *Raines v. Strittmatter*, No. 1:03-CV-1289-JDT-TAB, slip op. at *7 (S.D. Ind. June 29, 2004); *Willits v. Wal-Mart Stores, Inc.*, No. IP99-0276-C-M/S, slip op. at *15 (S.D. Ind. July 30, 2001).

10

Whether the now-vacated decision in *Hoagland* was correct or incorrect, Cox *has* asked for money to right the wrong she says was done to her. The crux of her claim is an assertion that her personal property, money, was unfairly retained by the City.

All of the foregoing might not doom Cox if, as she contends, she complied with the ITCA by timely submitting a request for a refund. A notice of tort claim must be submitted within 180 days of discovery of the loss. Here, the Coxes discovered in late 2005 that the City had forgiven their neighbors' installment plan debts, but they did not submit a request for a refund until December 2006. Their notice was thus untimely.

Cox pleads that the City never gave the Coxes formal notice of its adoption of STEP and that they could not file a Tort Claim notice when they did not know that an action had accrued. The Court in *Lake Station v. State*, 558 N.E.2d 824, 827-28 (Ind. 1990), held that the 180-day period begins to run when the claimant discovers the loss. Cox has indicated that she discovered the loss late in 2005. Whatever the discovery date may have been, it certainly occurred before the Coxes filed suit in April 2007.[4]

We conclude Cox's claims against the City under Indiana Code section 36-9-39-17 and the Indiana Constitution are barred by noncompliance with the ITCA.

---

[4] Finally, Cox alleges substantial compliance with the requirements of the ITCA. While Cox correctly notes that non-compliance is sometimes excused where the plaintiff has substantially complied with the ITCA, *Brown*, 876 N.E.2d at 381, the acts of notice must still be timely. Aside from the untimeliness of the Coxes' request for a refund, the request did not substantially comply with the requirements of the ITCA. It did not inform the City that the Coxes intended to file suit if their claim was denied. *See Irwin Mortgage*, 816 N.E.2d at 447 (a notice substantially complies with the ITCA if it informs the municipality of the claimant's intent to file suit should the claim be denied).

## II. FORFEITURE OF INDIANA CONSTITUTIONAL CLAIMS

Even if on some grounds Cox could proceed notwithstanding the Tort Claims Act, the City further asserts that Cox's Indiana Constitutional claims are barred because she did not timely raise them during the lawsuit.

Forfeiture is the failure to timely assert a right. *Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 54 (Ind. 2013). The Coxes did not assert their Indiana Constitutional claims until filing a reply brief during summary judgment proceedings in 2012, five years after they filed their original complaint. They also did not assert any state constitutional claims until after their Equal Protection Clause claim was rejected by the U.S. Supreme Court's ruling in *Armour*. The City objected to this late presentation of constitutional claims, as it denied the City an opportunity to tender evidence pertinent to the claims during summary judgment proceedings.

We conclude, consistent with existing case law, that a five-year delay in asserting the claims was unreasonable under the circumstances of this case. *See, e.g., Plank*, 981 N.E.2d at 54-55 (plaintiff's constitutional challenge to damages cap forfeited because plaintiff litigated six years before challenging the cap after verdict). Further, the Coxes never sought permission to amend their complaint to add the Indiana Constitutional claims, which would have placed the City on formal notice of the claims. *See Altevogt v. Brand*, 963 N.E.2d 1146, 1151 (Ind. Ct. App. 2012) (claim not included in third amended complaint two years into litigation held waived).

12

Cox says that constitutional claims may be raised at any stage, even on appeal. She cites *Morse v. State*, in which the Indiana Supreme Court said, "the constitutionality of a statute may be raised at any stage of the proceeding including raising the issue sua sponte by this Court." 593 N.E.2d 194, 197 (Ind. 1992). *Morse* is only modestly helpful here because Cox says she does not challenge the constitutionality of the City's ordinance.[5] Rather, the Coxes claimed, well after the complaint was originally filed, that the City's failure to provide pro rata refunds violated provisions of the Indiana Constitution. Moreover, Indiana's willingness to permit criminal defendants to advance tardy claims have stood on a different footing than in civil litigation. She has forfeited her right to raise such claims.

## III. DID THE CITY VIOLATE INDIANA CODE SECTION 36-9-39-17?

The ITCA bars Cox's claim under Indiana Code section 36-9-39-17, but we have concluded that even if Cox had it available, her statutory claim is a failure.

Our rules of statutory construction are as follows:

When courts set out to construe a statute, the goal is to determine and give effect to the intent of the legislature. The first place courts look for evidence is the language of the statute itself, and courts strive to give the words their plain and ordinary meaning. We examine the statute as a whole and try to avoid excessive reliance on a strict literal meaning or the selective reading of individual words. We presume the legislature intended the language used in the statute to be applied logically, consistent with the statute's underlying policy and goals, and not in a manner that would bring about an unjust or absurd result.

---

[5] Oral argument at 22:23.

*Cooper Indus. v. City of S. Bend*, 899 N.E.2d 1274, 1283 (Ind. 2009) (citations omitted).

Appellate courts review the construction of a statute de novo, giving no deference to the

trial court's interpretation. *Robbins v. Canterbury Sch., Inc.*, 811 N.E.2d 957 (Ind. Ct. App.

2004).

The statute at issue provides:

(a) If a platted lot or parcel of land:

(1) abuts on:

(A) at least two (2) streets or alleys; or

(B) one (1) street and one (1) alley; and

(2) has already been assessed for sewage works constructed for
local use in any street or alley;

the works board shall take the previous assessment into account in making a
subsequent assessment against the land under this section and sections
15 through 16 of this chapter.

(b) If the works board finds that:

(1) a lot, parcel, or tract of land included in a district,
subdistrict, or zone cannot be reasonably connected with or
served by the sewage works either directly or by collateral
branches or extensions;

(2) the sewage works does not confer benefit on the property;
or

(3) the benefit that may be conferred by the sewage works is
less than the amount computed in the manner provided in this
section and sections 15 through 16 of this chapter;

the works board may enter upon the primary assessment roll the actual amount, if any, found by the works board as the special benefit to the property.

(c) An amount credited, eliminated, or reduced shall be primarily apportioned over all the other property assessable for the sewage works, as the works board may find the other property to be benefited in addition to the amounts estimated and apportioned under section 16 of this chapter. If all of the amounts credited, eliminated, or reduced are not reapportioned upon the other property, a deficiency shall be assessed against the municipality.

Ind. Code § 36-9-39-17.

The City contends that subsections (a) and (b) are intended to avoid assessments on properties that would receive little benefit from a sewer project or double assessments (like homes on a corner that abut multiple streets along which a new sewer pipe is being laid). Subsection (c), it says, tells a municipality to make changes to the overall assessment for a project when an adjustment occurs under subsection (a) and (b) by passing on those eliminated amounts to other property owners. The City concludes that the circumstances addressed by subsections (a) and (b) are not present here.

In response, Cox does not dispute that the City had the authority to forgive assessment debts. Indeed, as noted above, counsel for Cox acknowledged during oral argument that a municipality could do so, arguing instead that it had forgiven more than it should have.[6]

Of course, a municipality must exercise its powers in compliance with constitutional and statutory provisions. *See* Ind. Code § 36-1-3-6 (1993). Forgiveness of debts

---

[6] Asked whether such judgments are to be made by courts or by the City, counsel appropriately replied: "The City." Oral argument at 28:52.

15

reasonably falls under the powers granted by home rule. *See* Ind. Code § 36-1-3-4 (1980) (a municipality has "all powers granted it by statute" and "all other powers necessary or desirable in the conduct of its affairs"). Cox claims that section 36-9-39-17, when read in the context of the Barrett Law as a whole, instructs that all homeowners who benefit from a project should pay the same amount in construction costs. She further claims subsection (c) is not limited to the factual circumstances set forth in subsections (a) and (b), but rather is a stand-alone provision that mandates that if a municipality forgives one property owner's assessment debt, all other property owners in that project should also receive proportionate debt forgiveness.

Fair treatment in assessments appears to be the general principle behind section 36-9-39-17, as it contemplates that some properties' assessments may be reduced or credited under specific circumstances. However, the statute does not even contain the word "refunds," and the circumstances discussed in section 17 are not present here. Considering the plain language of the statute as a whole, it cannot be read to state that when a municipality forgives some or all of a property owner's assessment, the municipality must provide pro rata refunds to neighboring property owners.

### IV. INDIANA CONSTITUTIONAL CLAIMS

Cox's claims under the Indiana Constitution are barred by the ITCA and by her own forfeiture of the claims in the course of this litigation.

Nevertheless, if it appeared that Cox could be right on her constitutional claims, then at best we might vacate the grant of summary judgment and remand to allow both

16

parties to fully and fairly tender appropriate evidence and brief the issues for another summary judgment hearing. We briefly explain why Cox's constitutional claims are without merit.

When reviewing our Constitution, we are guided by these principles:

> Questions arising under the Indiana Constitution are to be resolved by examining the language of the text in the context of the history surrounding its drafting and ratification, the purpose and structure of our constitution, and case law interpreting the specific provisions. In construing the constitution a court should look to the history of the times, and examine the state of things existing when the constitution or any part thereof was framed and adopted, to ascertain the old law, the mischief, and the remedy. Because the intent of the framers of the constitution is paramount in determining the meaning of a provision, this Court will consider the purpose which induced the adoption, in order that we may ascertain what the particular constitutional provision was designed to prevent.

*Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind. 1996) (internal citations and quotations omitted).

*A. Article 10, section 1, Uniform Assessment and Taxation*

This provision states, in relevant part: "Subject to this section, the General Assembly shall provide, by law, for a uniform and equal rate of property assessment and taxation and shall prescribe regulations to secure a just valuation for taxation of all property, both real and personal." The framers intended to establish mandatory minimum requirements for Indiana's system of property assessment and taxation. *Boehm*, 675 N.E.2d at 324.

The current case does not involve taxation or property valuation, but rather a forgiveness or amnesty of debts. Cox fails to cite to any authority establishing that a

17

municipality's forgiveness of debts is subject to article 10, section 1, and we have not found any. The central concern of the framers was wide variations in *valuation* that they observed as respects real property. *Dep't of Local Gov't Fin. v. Griffin*, 784 N.E.2d 448, 453 (Ind. 2003). As respects *taxation*, it has long been held that section 1 "applies only to property taxes under a general levy." *Benner-Coryell Lumber Co. v. Ind. Unemployment Comp. Bd.*, 218 Ind. 20, 25, 29 N.E.2d 776, 778 (1940); *see also City of Terre Haute v. Kersey*, 159 Ind. 300, 309, 64 N.E. 469, 472 (1902) (declining to find a street use tax subject to article 10, section 1 because "this section of our fundamental law relates to a general assessment of taxes on property according to its value").

The debt forgiveness program in this case does not resemble a taxation scheme, so article 10, section 1 is inapplicable to Cox's demand for a refund.

### B. Article 1, section 23, Privileges and Immunities

This provision in our Bill of Rights declares: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Section 23 is analyzed on grounds that are separate and independent from the federal Equal Protection Clause. *Collins v. Day*, 644 N.E.2d 72 (Ind. 1994). It applies to the enactments and actions of county, municipal, and other governmental agencies and their equivalents. *Dvorak v. City of Bloomington*, 796 N.E.2d 236 (Ind. 2003).

There are a variety of reasons why Cox's position on section 23 could not be sustained.

18

First, the record reveals that in drawing a classification between obligors who paid up front and those who financed, the City effected a "reasonable relation of the disparate treatment to the inherent distinguishing characteristics of the two classifications." *Paul Stieler Enters., Inc. v. City of Evansville*, 2 N.E.3d 1269, 1277 (Ind. 2014). The City desired to avoid high collection costs associated with the long-term collection of relatively small amounts—and those who paid up front had not generated such costs. A decision to determine which up-front payers might be entitled to a refund and which ones might no longer be eligible due to transfer of real estate or other private financial transactions would itself entail some considerable administrative expense. Finally, the City moved away from the Barrett Law system because it appeared to impose undue burdens on low-to-middle income residents, whereas owners who had the ability to pay in full up front were more often better off financially. Forgiving those who could only pay under long-term arrangements was consistent with this objective.

Second, as recounted above, "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." *Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007), *trans. denied*. The trial court's award of damages to Cox thus could not be sustained by a violation of article 1, section 23. *See id.* at 985-86 (plaintiff's request for compensatory and punitive damages under the Indiana Constitution must fail).

19

Third, even if the City's forgiveness of installment plan debts was unconstitutional, it does not entitle Cox to damages. As the City points out, it could remedy the matter by resuming collection of installment plan debts. Appellant's Reply Br. pp. 9-10.

CONCLUSION

On the multiple grounds explained above, we conclude that Cox's claims are barred. She is not entitled to summary judgment on her statutory and Indiana constitutional claims. We reverse the trial court's grant of summary judgment to Cox and remand with instructions to grant the City's Cross-Motion for Summary Judgment.

Reversed and remanded with instructions.

MATHIAS, J., and PYLE, J., concur.