# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2017, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

R. Brock Jordan
Densborn Blachly LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Stephen C. Wheeler
Smith Fisher Maas Howard & Lloyd PC
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Melissa Freeman; Melissa Freeman Realty, Inc.; and Realty Group-Freeman, LLC d/b/a Prudential Indiana Realty Group,

*Appellants-Defendants,*

v.

Property-Owners Insurance Company,

*Appellee-Plaintiff.*

January 31, 2017

Court of Appeals Case No. 73A05-1606-PL-1255

Appeal from the Shelby Circuit Court.
The Honorable Charles D. O'Connor, Judge.
Cause No. 73C01-1405-PL-14

**Shepard, Senior Judge**

A prospective buyer was injured while touring a home, and he sued the listing real estate company for damages. The real estate company's insurer sought a declaratory judgment asserting that its policy did not cover damages arising from the accident. The trial court granted the insurer summary judgment. We affirm.

## Facts and Procedural History

Gerald Powers sustained injuries while being shown a residential property listed for sale by Prudential Indiana Realty Group ("Prudential"). Gerald and his wife (collectively "the Powerses") filed suit for negligence, naming Prudential, and the agent who did the showing, and a host of other defendants.

Subsequently, Property-Owners Insurance Company, Prudential's liability insurer, filed this declaratory judgment action seeking a determination that, based upon the "Limitation of Real Estate Operations Endorsement" ("Endorsement") to the policy in question, Property-Owners has no duty to provide coverage, defend, or indemnify Prudential for any claims brought by the Powerses.[1]

---

[1] As we observed when resolving an earlier appeal in this case, besides the Powerses, "Property-Owners named: U.S. Bank National Association, as Trustee Under the Securitization Servicing Agreement dated as of July 1, 2005 Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-HE2; Melissa Freeman Realty, Inc.; Realty Group-Freeman, LLC d/b/a Prudential Indiana Realty Group; Altisource Solutions, Inc.; Altisource Fulfillment Operations, Inc.; Altisource; RealHome Services and Solutions, Inc., d/b/a Altisource Homes; Altisource Portfolio Solutions S.A.; Altisource Portfolio Solutions, Inc.; Altisource U.S. Holdings, Inc.; Altisource Holdings, LLC; Real Estate Servicing Solutions, LLC; Real Estate Servicing Solutions, Inc.; Altisource Portfolio Solutions S.A.R.L.; Ocwen Loan Servicing, LLC; Ocwen Financial Corporation; Rita Williams; Melissa Freeman;

[4] The Powerses moved for judgment on the pleadings, asserting the Endorsement was inapplicable to the property where Gerald was injured and thus could not be a basis for denying coverage under Prudential's Businessowners Policy. The trial court agreed and entered judgment against Property-Owners. Property-Owners appealed that ruling, and a panel of this Court reversed. *See Property-Owners Ins. Co. v. Powers, et al.*, No. 73A05-1501-PL-2 (Ind. Ct. App. July 22, 2015).

[5] Property-Owners then moved for summary judgment, which the court granted following a hearing. Melissa Freeman, Melissa Freeman Realty, Inc., and Prudential (collectively "the Prudential Defendants") now appeal.

## Issue

[6] The Prudential Defendants present one issue for our review: whether the court erred by granting summary judgment in favor of Property-Owners.

## Discussion and Decision

[7] On appeal from a grant of summary judgment, our standard of review is similar to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *City of*

David Craig; Usher & Associates, Inc.; and Field Connections, LLC." *Property-Owners Ins. Co. v. Powers, et al.*, No. 73A05-1501-PL-2, slip op. p. 3 n.1 (Ind. Ct. App. July 22, 2015). Although Prudential, Melissa Freeman, and Melissa Freeman Realty, Inc. are the only defendants who have appeared and filed a brief in this appeal, pursuant to Indiana Appellate Rule 17(A), "[a] party of record in the trial court . . . shall be a party on appeal."

*Indianapolis v. Cox*, 20 N.E.3d 201 (Ind. Ct. App. 2014), *trans. denied*; *see also* Ind. Trial Rule 56(C).  Appellate review of a summary judgment motion is limited to those materials designated to the trial court.  *Sheehan Const. Co, Inc. v. Cont'l Cas. Co.*, 938 N.E.2d 685 (Ind. 2010).  All facts and reasonable inferences drawn from those facts are construed in favor of the non-movant.  *Id*.

[8]     Further, the trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous.  *Auto-Owners Ins. Co. v. Benko*, 964 N.E.2d 886 (Ind. Ct. App. 2012), *trans. denied*.

[9]     At the center of this dispute is the Endorsement contained in the Businessowners Policy that Property-Owners issued to Prudential.  It provides:

> **THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE BUSINESSOWNERS POLICY**
>
> It is agreed that with respect to any real estate operation, the insurance provided under the Businessowners Liability Coverage Form applies only to "bodily injury," "property damage," "personal injury," and "advertising injury" arising out of:
>
> 1.     that part of a premises used by you for general office purposes; and
>
> 2.     a premises:
>
>> a.     which you do not own, operate, rent or manage;
>>
>> b.     which is not in your care, custody or control; or
>>
>> c.     for which you do not act as an agent for rent collection or in a supervisory capacity;
>
> if such premises is listed with you for sale or rental.
>
> All other terms and conditions of the policy apply.

Appellants' App. Vol. 3, p. 175.

In addition, Prudential broker-salesperson Rita Williams had signed a listing agreement for the property where Gerald Powers was injured. It included the following provision:

> 3. Broker agrees to assume the care, custody and management of the property, including but not limited to performing the following:
>
> A. Input listing in appropriate MLS;
>
> B. Install signage;
>
> C. Answer calls/emails from buyers/agents;
>
> D. Conduct open houses when necessary;
>
> E. To inspect the property at least once each week and take reasonable and prudent action to prevent any damage to the property including, but not limited to, damage caused by fire, vandalism, and weather conditions, and notify Seller immediately by telephone in the event of any emergency, code violation or damage related to the property; and
>
> F. To complete and submit to Altisource Homes, on a monthly basis, a Property Status Report, in the form attached hereto. Such report shall include information as to the classified and display advertising conducted by Broker, other sales promotions and results, as well as showings to prospective purchasers and their comments, new comp, sales and listings and Broker's recommendations on marketing strategy. Altisource Homes shall in turn submit the Property Status Report to Seller.

*Id.* at 99-100.

[11] The Prudential Defendants first contend the court erred by determining that Prudential's Businessowners Policy does not afford coverage to Prudential in this case because the Endorsement is ambiguous, specifically the phrase "care, custody or control" in section 2.b.

[12] The interpretation of an insurance policy is generally a question of law appropriate for summary judgment. *Liberty Mut. Ins. Co. v. Michigan Mut. Ins. Co.*, 891 N.E.2d 99 (Ind. Ct. App. 2008). The terms of an insurance policy are interpreted using the same rules of interpretation applied to other contracts. *Benko*, 964 N.E.2d 886. If the language of the policy is clear and unambiguous, it must be given its plain and ordinary meaning. *Zeller v. AAA Ins. Co.*, 40 N.E.3d 958 (Ind. Ct. App. 2015). Conversely, where an ambiguity exists, the policy is construed strictly against the insurer, and the terms of the policy are interpreted from the perspective of an ordinary policyholder. *Benko*, 964 N.E.2d 886. An ambiguity is not necessarily established simply because a controversy exists and the parties assert contrary interpretations of the terms of the policy. *Haag v. Castro*, 959 N.E.2d 819 (Ind. 2012).

[13] Although the Prudential Defendants claim that the Endorsement is ambiguous because it is "silent regarding whether actual management or control is required, or alternatively whether a contractual obligation is sufficient," we find the language to be straightforward. Appellants' Br. p. 11. The Endorsement requires only that the insured have the care, custody *or* control of the premises; it makes no statement about whether one actually fulfills its obligation of care, custody, or control, or how one acquires that care, custody, or control. Thus,

we see nothing in the terms of the Endorsement to indicate that the phrase "care, custody or control" is meant to have anything other than a plain and ordinary meaning.

[14] In discerning the meaning of "care, custody or control" as used in an insurance policy, Justice David observed for our Supreme Court that the dictionary definitions seem plain enough:

> Webster's defines "care" in this context as "[t]he function of watching, guarding, or overseeing." *Webster's II New College Dictionary* 168 (1995). "Custody" is defined as "[t]he act or right of guarding, esp. such a right granted by a court." *Id.* at 280. "Control" means "[t]o exercise authority or influence over" or "[t]o hold in restraint." *Id.* at 246. Black's Law Dictionary is similar, defining "care" as "[u]nder the law of negligence or of obligations, the conduct demanded of a person in a given situation," *Black's Law Dictionary* 240 (9th ed. 2009), defining "custody" as "[t]he care and control of a thing or person for inspection, preservation, or security," *id.* at 441, and "control" as "[t]o exercise power or influence over," *id.* at 378.

*Holiday Hosp. Franchising, Inc. v. AMCO Ins. Co.*, 983 N.E.2d 574, 579 (Ind. 2013). The Court found these definitions to be reasonable and noted that not all three terms needed to be satisfied for coverage to be excluded because the policy listed the terms in the disjunctive. *See id.*

[15] Here, by virtue of the terms of the listing contract signed by Williams, the residential property was in the "care," "custody," or "control" of Prudential.[2] Prudential, through Williams, agreed and was required to inspect the property at least once a week and to take action to prevent damage to the property. Additionally, Prudential was to notify the seller immediately in the event of any emergency, code violation, or damage. We see no ambiguity in the Endorsement.

[16] The Prudential Defendants also argue the court erred by granting summary judgment because Prudential's obligation under the listing contract was modified by its conduct such that it did not actually exercise care, custody, and control over the listed property. Essentially, the Prudential Defendants claim that Prudential agreed to and is contractually obligated to the care, custody, and control of the property under the listing contract, which would ordinarily mean no coverage under Prudential's insurance policy, but because it did not fulfill its contractual obligations under the listing contract, it is still covered under the insurance policy (i.e., Property-Owners will have to pay for Prudential's failure to fulfill its obligations).

[17] Property-Owners says this argument is waived because the Prudential Defendants did not raise it in the trial court. Our review of the materials available on appeal discloses that the Prudential Defendants neither presented

---

[2] Property-Owners alleges and the Prudential Defendants do not dispute that Prudential required all listings of its broker-salespersons to be the property of Prudential and be listed in Prudential's name.

this argument in their brief to the trial court nor raised it at the summary judgment hearing. Thus, as the Prudential Defendants have introduced this argument for the first time on appeal, the argument is waived. *See I.A.E., Inc. v. Hall*, 49 N.E.3d 138 (Ind. Ct. App. 2015) (stating that, in general, party waives appellate review of issue or argument that was not presented to trial court), *trans. denied*.

# Conclusion

[18] The trial court did not err by granting summary judgment for Property-Owners.

[19] Affirmed.

Crone, J., and Altice, J., concur.